IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TONY SAYLOR, : | |
| Plaintiff : | |
| VS. : | |
| SANDRA AND JAMES ADAMS, : | NO. 5:13-CV-160 (MTT) |
| Defendants : | |
| _____ : | **O R D E R** |

Plaintiff **TONY SAYLOR**, an inmate at Baldwin State Prison ("BSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Parties instituting non-habeas civil actions must pay a $350.00 filing fee. 28 U.S.C. § 1914(a). Because Plaintiff has failed to pay said fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Plaintiff sues his sister and brother-in-law for allegedly stealing or otherwise converting Plaintiff's funds.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the

doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed several lawsuits in the United States District Courts, at least three of which were dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1] As Plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g). Plaintiff's claim does not remotely approach allegations of "imminent danger of serious physical injury."

Even if Plaintiff had not incurred three strikes prior to filing this action, his complaint would be subject to dismissal. He has not alleged facts sufficient to support either his constitutional rights being violated or that such violation occurred at the hands of a state actor. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Thus, Plaintiff has failed to allege a valid claim under section 1983.

Plaintiff's apparent request to proceed *in forma pauperis* is accordingly **DENIED** and the instant action is **DISMISSED**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $350.00 filing fee. As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he

---

[1] *See Saylor v. Adams*, 1:11-cv-3875-TCB (N.D. Ga. Jan. 11, 2012); *Saylor v. Jackson*, 1:11-cv-3823-TCB (N.D. Ga. Dec. 8, 2011); and *Saylor v. DeKalb Co. Police Dep't*, 1:8-cv-1146-TCB (N.D. Mar. 24, 2008).

must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 10th day of May, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr